JAMES ALBERT GROSSE,

    Petitioner,

v.

    CIVIL ACTION NO.: CV208-157

BELINDA DAVIS, Warden,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner James Grosse ("Grosse"), an inmate currently incarcerated at Dooly State Prison in Unadilla, Georgia, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging convictions obtained in the Superior Court of McIntosh County. Respondent filed an Answer-Response and a Motion to Dismiss. Grosse has responded. For the reasons which follow, Respondent's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

Grosse was convicted in McIntosh County Superior Court on May 25, 1988, after pleading guilty to one count of murder and one count of armed robbery. Grosse was sentenced to life imprisonment for murder and twenty years' imprisonment on the armed robbery count. Grosse did not file a direct appeal. Grosse filed a state habeas corpus petition in Dooly County Superior Court on August 30, 2007, which was denied on

February 28, 2008. Grosse filed an application for certificate of probable cause to appeal the denial of habeas relief. The Georgia Supreme Court denied his application on November 17, 2008.

Grosse filed the instant petition on November 24, 2008. Grosse contends that he: 1) did not enter his guilty plea voluntarily or intelligently; 2) received ineffective assistance of counsel; 3) was denied the right to due process of law; and 4) was denied the right to appeal his convictions and sentences. Grosse also contends that his conviction was obtained by use of a coerced confession, violated his privilege against self-incrimination, and due to the failure of the prosecution to disclose evidence favorable to him to his counsel and to him. Finally, Grosse contends that there was insufficient evidence of premeditation.

Respondent asserts Grosse's petition should be dismissed, as it was untimely filed. Grosse alleges the limitations period should not apply to him because he was prevented from filing his appeal and because there is evidence that was not revealed until 20 years after he was convicted.

## DISCUSSION AND CITATION OF AUTHORITY

A prisoner must file a petition for writ of habeas corpus in federal court within one (1) year. 28 U.S.C. § 2244(d)(1).[1] For those prisoners whose state convictions became

---

[1] This statute of limitations period ordinarily runs from the latest of four possible dates: (A) the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of time for seeking such review; (B) the date on which the impediment to filing an application by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). However, Grosse's convictions were final prior to April 24, 1996, and the ordinary statute of limitations triggering events are not applicable to this case.

final prior to the enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA") on April 24, 1996, this one year statute of limitations period began to run on that date. Wilcox v. Fla. Dep't of Corr., 158 F.3d 1209, 1211 (11th Cir. 1998). Thus, these prisoners must have filed a federal petition for writ of habeas corpus prior to April 24, 1997, to be considered timely. Moore v. Campbell, 344 F.3d 1313, 1319-20 (11th Cir. 2003) (concluding the one-year statute of limitations period applicable to collateral attacks of pre-AEDPA obtained convictions is calculated using Rule 6(a) of the Federal Rules of Civil Procedure, i.e., the day giving rise to the events is not counted). The limitations period could be tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" 28 U.S.C. § 2244(d)(2). However, "a state court petition . . . filed following the expiration of the federal limitations period cannot toll that period because there is no period remaining to be tolled." Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001).

Grosse's conviction became final at the time of his completion of the direct review process or when the time for seeking such review became final. 28 U.S.C. § 2244(d)(1)(A); Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000). Grosse pleaded guilty in the McIntosh County Superior Court on May 25, 1988. Grosse did not file a notice of appeal with either the Georgia Court of Appeals or Supreme Court. However, Grosse had thirty days in which to do so. O.C.G.A. § 5-6-38 ("A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of."). Thus, his conviction became final on or about June 24, 1988. Because Grosse's

AO 72A
(Rev. 8/82)

conviction became final prior to the enactment of the AEDPA he had until April 24, 1997, to file a timely federal habeas corpus petition.[2]

Grosse did not file a petition for writ of habeas corpus in the Dooly County Superior Court until August 30, 2007, which was more than 10 years after the expiration of the applicable statute of limitations. The Court recognizes Grosse's assertion that he was denied his right to file an appeal. Grosse's assertions are unavailing, as he entered a guilty plea to the charges of murder and armed robbery. See Barlow v. State, 282 Ga. 232, 233, 647 S.E.2d 46, 47 (2007) ("A criminal defendant has no unqualified right to file a direct appeal from a judgment of conviction and sentence entered on a guilty plea. An appeal will lie . . . only if the issue[s] on appeal can be resolved by facts appearing in the record."). The applicable statute of limitations period did not toll in this case, as Grosse filed his state habeas corpus petition well after the expiration of the statute of limitations period applicable to section 2254 cases.

The Court must now decide whether Grosse is entitled to equitable tolling of the statute of limitations. A petitioner seeking equitable tolling must establish "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" which prevented him from timely filing his § 2254 petition. Lawrence v. Florida, 549 U.S. 327, 335 (2007) (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Equitable tolling is "an extraordinary remedy that must be applied sparingly[,]" and a petitioner must present a "truly extreme case." Holland v. Florida, 539 F.3d 1334, 1338 (11th Cir. 2008). "'The burden of establishing entitlement to this extraordinary remedy

---

[2] To the extent Grosse asserts that the statute of limitations should be extended or tolled based on the discovery of new evidence, this assertion is without merit. Section 2244(d)(1)(D) would govern in that situation. See n.1. There is no evidence before the Court that Grosse's alleged newly discovered evidence could not have been discovered prior to the date he filed his state habeas corpus petition. In fact, Grosse fails to inform the Court of when he discovered this evidence.

plainly rests with the petitioner.'" Id. (quoting Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002)). Grosse has made no showing that he has been pursuing his rights diligently since his 1988 convictions or that some extraordinary circumstance prevented him from being able to file this petition in a timely manner. Grosse is not entitled to equitable tolling of the statute of limitations.

## CONCLUSION

For the above reasons, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**. Grosse's petition, filed pursuant to 28 U.S.C. § 2254, should be **DISMISSED**, with prejudice, as it was not timely filed.

**SO REPORTED** and **RECOMMENDED** this 21st day of July, 2009.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE